# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joseph Sinigaglio,                                    Case No. 0:17-cv-3096-SRN-KMM

        Plaintiff,

v.

                                      **ORDER**

Federal National Mortgage Association,

        Defendant.

This matter is before the Court on Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Compel Supplemental Initial Disclosures and Responses to Defendant's Discovery Requests, and to Deem Facts Admitted. [ECF No. 27.] Fannie Mae asks the Court to enter an Order that: (1) compels Mr. Singiaglio to supplement his initial disclosures to include the information required by Federal Rule of Civil Procedure 26(a)(1)(A); (2) compels him to provide complete responses to Fannie Mae's Interrogatories and Requests for Production; (3) deems statements in Fannie Mae's Requests for Admission admitted; and (4) awards Fannie Mae its reasonable expenses, including attorney's fees in bringing the motion to compel. [*Id.*] Mr. Sinigaglio filed written responses to the motion to compel on March 23 and March 27, 2018. [ECF Nos. 39 & 40.]

On April 9, 2018, the Court held a hearing on the motion. The Court discussed the discovery and disclosure issues with counsel for both parties. Consistent with the foregoing discussion and the narrowing and clarification of issues that took place during the April 9, 2018 hearing, **IT IS HEREBY ORDERED THAT** Fannie Mae's Motion to Compel **[ECF No. 27]** is **GRANTED IN PART** and **DENIED IN PART** as described more fully herein.

1.    **Interrogatories and Requests for Production**

The greatest focus of the discussion at the hearing was on Mr. Sinigaglio's obligations to respond fully to Fannie Mae's interrogatories and requests for production of documents. Fannie Mae's motion to compel raises several issues with Mr. Sinigaglio's interrogatory responses and production of documents. The Court addresses the key issues below.

### Damages discovery

In part, Fannie Mae asserts that Mr. Sinigaglio's responses to discovery provided insufficient information to substantiate his damages claims. Early on, Mr. Sinigaglio indicated that he seeks damages in excess of $200,000. Over $100,000 of those damages are for medical expenses and over $100,000 are for "non-economic damages." Fannie Mae asserts that Mr. Sinigaglio's documents and interrogatory responses do not provide a basis for such damages.

The Court discussed the issue of discovery relating to damages with plaintiff's counsel at the hearing. Plaintiff's counsel confirmed that the documents reflecting medical expenses incurred as a result of the slip-and-fall incident at issue in this case show a damages range closer to $19,000 or $20,000. Plaintiff's counsel further clarified that the documentation of the medical bills he has provided represents the extent of the compensatory damages for medical expenses his client seeks in this case. He further indicated that the $100,000 amount identified early in the litigation was a prediction based on incomplete information, and that Mr. Sinigaglio has lowered his settlement demand in this case upon learning that the medical expenses were less than anticipated.

As explained at the hearing, the Court appreciates plaintiff's counsel's candor regarding the scope of damages for medical expenses sought in this case. The Court also appreciates Mr. Sinigaglio's willingness to engage in realistic settlement discussions during the course of the litigation. However, the lowering of the demand for settlement purposes does not eliminate the need for Mr. Sinigaglio to provide

complete responses to discovery. To fulfill his obligations in this respect, the Court finds that Mr. Sinigaglio must supplement his response to Fannie Mae's Interrogatory No. 10, which asked Mr. Sinigaglio to "[p]rovide the specific amount and nature of any damages Plaintiff contends he sustained as a result of the acts and omissions of Fannie Mae alleged in the Complaint."[1] [Hauser Aff. ¶ 7, Ex. F, Pl.'s Resp. to Def.'s Interrogs.]

Accordingly, Fannie Mae's motion to compel is **GRANTED IN PART** to the extent it seeks a more complete answer to Interrogatory No. 10. Mr. Sinigaglio must provide a supplemental answer to this Interrogatory consistent with his counsel's representations at the hearing.[2]

Before turning to the other written discovery issues raised by Fannie Mae, the Court is encouraged that the parties have made some efforts to reach a resolution of this case. It appears that the parties have recently made progress on that front and those efforts should continue. The District Court has recently ordered the parties to

---

[1]    At the hearing, Plaintiff's counsel pointed the Court to supplemental responses to interrogatories that were provided prior to the hearing to support Mr. Sinigaglio's position that he fully complied with his discovery obligations. [ECF No. 31, Hauser Aff. ¶ 13, Ex. L, Letter from William Walker to Andrea Hauser (Feb. 22, 2018) (attaching supplemental discovery responses).] The Court finds that Mr. Sinigaglio's supplemental responses also failed to comply with his discovery obligations. In particular, in response to Interrogatory No. 10, Mr. Sinigaglio merely added the following vague and incomplete information: "Medical Bills, Dr. Becker, Humana Lien and pain and suffering. You have requested the bills and records." [*Id.*, Pl.'s Suppl. Resp. to Def.'s Interrog. No. 10.] This is patently insufficient to fulfill the obligation to respond to interrogatories under Rule 33.

[2]    The Court notes that Plaintiff's counsel clarified at the hearing that Mr. Sinigaglio seeks only non-economic damages for pain and suffering relating to the incident alleged in the Complaint. It appears that he does not assert that he received mental health treatment or other services related to the incident, and seeks what are commonly referred to as "garden variety" non-economic damages. His supplemental response to Interrogatory No. 10 should clarify that this is the case beyond his previous oblique reference to "Humana lien and pain and suffering."

meet with the undersigned for a settlement conference no later than August 1, 2018. [Order, ECF No. 50.] That settlement conference will be scheduled by the Court as soon as possible. However, the Court advises the parties to make every effort to resolve this litigation on their own without the Court's assistance. Doing so seems more possible now than it has been in the past.

### Medical providers

The next major issue discussed at the hearing was Mr. Sinigaglio's compliance with discovery requests that sought information about his medical providers. For example, Fannie Mae asked Mr. Sinigaglio to identify doctors, physicians, persons, hospitals, and clinics where he received treatment during the last ten years. Prior to the hearing, Mr. Sinigaglio's responses to written discovery identified only one treating physician: Dr. Douglas Becker, Minneapolis Orthopedics. [Hauser Aff. ¶ 7, Ex. F, Pl.'s Resp. to Def.'s Interrog. No. 11.]

Dr. Becker treated Mr. Sinigaglio for the injuries he sustained as a result of the incident alleged in the Complaint. Plaintiff's counsel confirmed at the hearing that no other medical provider has treated Mr. Sinigaglio for the injuries he attributes to that incident. However, Mr. Sinigaglio did not provide a list of any other medical providers who may also have treated him in the years leading up to the incident or since it occurred. The Court finds that Fannie Mae is entitled to obtain some discovery relating to other medical providers because that information is relevant to Fannie Mae's defense (particularly on the issue of damages) and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, the ten year period requested by Fannie Mae's Interrogatory No. 11 is too broad, and defense counsel agreed that a narrower time frame would be acceptable. The incident alleged in the Complaint occurred on November 25, 2013. The Court finds that medical records from other providers for the period of 2010 through 2016 will be sufficient to allow Fannie Mae to prepare its defense. Consistent with these findings and the additional discussion below, Fannie Mae's motion to compel is **GRANTED IN PART** to the extent it seeks a supplemental answer to Interrogatory No. 11.

During the hearing, plaintiff's counsel noted that during Mr. Sinigaglio's deposition, defense counsel referenced an exhibit, which was a handwritten list of medical clinics, hospitals, and doctors. Defense counsel provided a copy of that list to the Court following the hearing. [Sinigaglio Dep. Ex. 14 (on file with the Court).] At his deposition, Mr. Sinigaglio acknowledged that he prepared this list of medical providers. The list includes several clinics and hospitals where Mr. Sinigaglio received medical care, but he could not always recall the names of the medical provider who treated him. It also includes the names of several different physicians from whom he may have received medical care with some additional information concerning the locations where those providers could be contacted. The list does not clearly provide dates for when he received treatment.

This list seems to be a good starting point for the parties to meet and confer about the universe of medical providers who fall within the range of discovery permitted on this issue by this Order. **Within seven days of the date of this Order**, counsel must begin discussions about which of these medical providers may have discoverable information that falls within the Court's limitations set above. Based upon the information available to the parties, Mr. Sinigaglio must make his best efforts to provide a supplemental interrogatory response and the parties must discuss the execution of applicable releases so that Fannie Mae can obtain medical information from those providers. The Court understands that Mr. Sinigaglio may have difficulty remembering specifics about each and every one of the providers included on the handwritten list. Where such specific information cannot be recalled, the parties must discuss whether Mr. Sinigaglio should nevertheless execute a release for those providers, with due consideration given to the issues bearing on proportionality. *See* Fed. R. Civ. P. 26(b)(1).

### Plaintiff's expert witnesses

Another issue arose at the hearing with respect to Fannie Mae's Interrogatory No. 6, which asked Mr. Sinigaglio to provide information relating to his expert witnesses. Specifically, the interrogatory asked for a description of the subjects on

which each expert witness will testify, the conclusions and opinions of the witness and the bases therefore, the qualifications of the witness, and any reports or other documents prepared by the witness. This interrogatory thereby mirrored the obligations for any expert disclosures under Rule 26(a)(2)(B).

In response to this interrogatory, Mr. Sinigaglio stated as follows: "Plaintiff shall call all treating doctors, and surgeons. Plaintiff treated with Dr. Becker – Minneapolis Orthopedics who will testify to treatment." [Pl.'s Resp. to Def.'s Interrog. No. 6.] In later supplementation of his interrogatory responses, Mr. Sinigaglio provided little more, stating: "Dr. Douglas Becker, Minneapolis Orthopedics is expert. You have now requested records." [Hauser Aff. ¶ 13, Ex. L, Pl.'s Suppl. Resp. to Def.'s Interrog. No. 5 & 6.] The Court finds these answers to Fannie Mae's request for information about expert witnesses to be insufficient. Accordingly, Fannie Mae's motion to compel is **GRANTED IN PART** to the extent it seeks more complete information in response to Interrogatory No. 6. For the reasons explained below, the Court cannot delineate in this Order precisely how Mr. Sinigaglio must complete that supplementation.

To the extent that Mr. Sinigaglio intended to call his own treating provider, Dr. Becker, as a retained expert witness to offer opinion testimony in this case, he was required by the Scheduling Order to make his expert disclosures pursuant to Rule 26(a)(2)(B) no later than April 1, 2018. [Scheduling Order ¶ 7a, ECF No. 13.] It does not appear that Mr. Sinigaglio has made such an expert disclosure and nothing in the record indicates whether Dr. Becker is the type of expert witness who must prepare a report under that Rule. It may be that he would fall under Rule 26(a)(2)(C), which applies to experts who are not required to prepare a written report. In any event, nothing indicates that Mr. Sinigaglio has disclosed any information about the substance of any expert opinion Dr. Becker is expected to offer on Mr. Sinigaglio's behalf. Given the lack of clarity in the record regarding Mr. Sinigaglio's apparent identification of Dr. Becker as an expert witness in his response to Interrogatory

No. 6, **within seven days of the date of this Order**, counsel for the parties must meet and confer about this issue.

## 2.    Requests for Admissions

In response to Fannie Mae's request that the matters covered by its Requests for Admissions be deemed admitted, Mr. Sinigaglio objected. [ECF No. 40 at 1-2.] The Court construes the request in Mr. Sinigaglio's response that Fannie Mae's motion be denied on this issue, as a motion to withdraw admissions pursuant to Rule 36(b). That motion is granted. Under the circumstances here, permitting withdrawal "would promote the presentation of the merits of the action" and will not unfairly prejudice Fannie Mae. During the hearing on the motion, the Court indicated to defense counsel that it was not inclined to grant Fannie Mae's motion with respect to this issue and defense counsel did not articulate a reason why the Court's ruling would be an inappropriate exercise of the Court's discretion. Accordingly, Fannie Mae's motion to compel is **DENIED IN PART** with respect to this issue.

## 3.    Supplementation of Rule 26(a)(1) Disclosures

Mr. Sinigaglio's initial disclosures were deficient in several respects. Of particular importance, they failed to include the information required concerning: (1) individuals likely to have discoverable information; or (2) a computation of each category of damages. Mr. Sinigaglio provided the most cursory information about those believed to have discoverable information and simply stated that his damages were "in excess of $100,000.00 for medical and in excess of $100,000 for non-economic damages." [Hauser Aff. ¶ 3, Ex. B, Pl.'s Rule 26(a)(1) Disclosures.] Mr. Sinigaglio's supplemental disclosures failed to resolve these problems. [Hauser Aff. ¶ 5, Ex. D, Pl.'s Suppl. Rule 26(a)(1) Disclosures.]

The Court finds that Mr. Sinigaglio's initial and supplemental disclosures are insufficient. Ordinarily, his failure to provide the information required—*i.e.*, contact information for individuals likely to have discoverable information; a brief summary of the discoverable information those individuals likely possess; a computation of

each category of damages; and copies of documents that he may use to support the assertion that he incurred such damages—would require timely supplementation. *See* Fed. R. Civ. P. 26(e)(1). Here, however, based on the discussion with counsel at the hearing, it appears that Fannie Mae has learned some of this information through other means. For example, it appears that Fannie Mae has obtained information through a subpoena to Dr. Becker about the medical expenses for which Mr. Sinigaglio claims one category of damages. Fannie Mae also received plaintiff's counsel's confirmation at the hearing that the total damages sought for medical expenses was limited to between $19,000 and $20,000. Mr. Sinigaglio is required by this Order to supplement his interrogatory responses to reflect that information. It also appears that Fannie Mae has learned some additional information about the individuals who Mr. Sinigaglio identified in his initial disclosures.

Accordingly, the Court finds that the ordinary supplementation of Mr. Sinigaglio's initial disclosures required by the rules may be unnecessary given that Fannie Mae may have otherwise learned such information during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e)(1) (requiring timely supplementation of Rule 26(a) disclosures if "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). **Within seven days of the date of this Order**, counsel for the parties are required to meet and confer to discuss whether supplementation of Mr. Sinigaglio's Rule 26(a)(1) disclosures is required or whether Fannie Mae has obtained the information needed to move forward through other means.

Fannie Mae's motion to compel is **GRANTED IN PART** on this issue consistent with the foregoing discussion.

## 4.    Payment of Expenses and Fees

The Court finds, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii), that the circumstances of this case make an award of expenses incurred by Fannie Mae in

making the motion to compel unjust. Fannie Mae's motion to compel is therefore **DENIED IN PART** to the extent it seeks an award of fees and costs.

Date: April 17, 2018                                     *s/Katherine Menendez*
                                                         Katherine Menendez
                                                         United States Magistrate Judge